IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LINDA F. DAVIS**                                                                 **PLAINTIFF**

V.                                                               CIVIL NO. 1:15-cv-265-JCG

**CAROLYN W. COLVIN,**                                              **DEFENDANT**
**Acting Commissioner of Social**
**Security**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14) AND AFFIRMING THE DECISION OF THE COMMISSIONER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Linda F. Davis seeks judicial review of a decision by the Commissioner of the Social Security Administration, denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401-433, and her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383f. Plaintiff has filed a Motion for Summary Judgment (ECF No. 14) and Memorandum (ECF No. 15), and the Commissioner has filed a Memorandum in Opposition (ECF No. 19). Having reviewed the administrative record, the submissions of the parties, and relevant law, the Court concludes that the decision of the administrative law judge (ALJ) is supported by substantial evidence and in accord with relevant legal standards. Plaintiff's Motion for Summary Judgment should be denied, and the decision of the Commissioner affirmed.

I. BACKGROUND

In June 2012, Plaintiff filed an application for DIB and SSI. Plaintiff alleged

disability beginning February 1, 2012, due to breast cancer and post-mastectomy lymphedema syndrome of the left upper extremity. (ECF No. 9, at 188). Plaintiff was 54 years old on the alleged onset date of February 1, 2012. She had a left modified radical mastectomy in April 1999. (ECF No. 9, at 61). Plaintiff did not allege mental impairment as a basis for disability when she filed her application. She now alleges that she has a mental impairment of major depressive disorder that was not properly evaluated by the ALJ. (ECF No. 15, at 13-20). The diagnosis of major depressive disorder was made months after the date of Plaintiff's application by a nurse practitioner and a licensed counselor at Gulf Coast Mental Health Center. (ECF No. 9, at 315, 321, 326).

Plaintiff completed high school with a GED and has taken vocational classes in cosmetology but never practiced. *Id.* at 75. She has worked as a driver for a rental car agency and as a food server. *Id.* at 63. Plaintiff's last employment was in 2010 as a driver. Plaintiff was let go from that job in August 2010 due to an alleged dispute with a coworker. *Id.* at 76. For purposes of her DIB claim, Plaintiff acquired sufficient quarters of coverage to remain insured through December 31, 2014. *Id.* at 57.

Following denial of her claim initially and on reconsideration, Plaintiff requested a hearing before an ALJ. ALJ Wallace E. Weakley held a video hearing on February 19, 2014. (ECF No. 9, at 57-64). Plaintiff appeared with counsel and testified. A vocational expert (VE) also testified.

On March 24, 2014, the ALJ issued a decision concluding that Plaintiff was not disabled from February 1, 2012, through the date of the decision. The ALJ utilized the five-step sequential evaluation process to find Plaintiff not disabled. 20 C.F.R. § 404.1520(a) and 20 C.F.R. § 416.920(a).[1] At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 1, 2012. *Id.* at 59. At step two, the ALJ found that Plaintiff had severe impairments of "obesity, status post left mastectomy, limited use of left upper extremity due to lymphedema." *Id.* At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id.*

Next, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) "to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except no requirement for raising upper left extremity above shoulder height." *Id.* at 60. The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects

---

[1] The ALJ uses a five-step sequential process to evaluate claims of disability and decides whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work. 20 C.F.R. § 416.920(a).

3

of these symptoms are not entirely credible . . ." *Id.* at 61. Plaintiff maintains that the ALJ's credibility determination is not supported by substantial evidence. (ECF No. 15, at 21-23).

At step four, the ALJ noted Plaintiff's past relevant work experience as a driver for a rental car company and as a food server. *Id.* at 63. At step five, the ALJ relied upon the VE's testimony to find Plaintiff capable of performing her past work. *Id.* The Appeals Council denied Plaintiff's request for review, rendering the ALJ's March 24, 2014, decision the final decision of the Commissioner.

## II.   STANDARD OF REVIEW

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 405(g). Because both parties have consented under 28 U.S.C. § 636(c) to have a United States Magistrate Judge conduct all of the proceedings in this case, the undersigned has the authority to issue this opinion and the accompanying final judgment.

The Court's review is narrowly prescribed. Review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence on the record as a whole to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Falco v. Shalala,* 27 F.3d 160, 163 (5th Cir. 1994). "'[S]ubstantial evidence' is less than a preponderance but more than a scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). Substantial evidence "must do

more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988)(quoting *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983)).

Conflicts in the evidence are for the Commissioner to resolve. If the Commissioner's factual findings are supported by substantial evidence, they are conclusive and must be affirmed. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against the [Commissioner's] decision. *Bowling,* 36 F.3d at 434.

### III. DISCUSSION

A.   The ALJ Was Not Required to Engage in the Special Technique

Plaintiff argues that she had a non-frivolous claim of mental impairment from depression, and thus, the ALJ should have evaluated the severity of her mental impairment using the special technique found at 20 C.F.R. §§ 404.1520a and 416.920a. (ECF No. 15, at 14).

The only mention of Plaintiff's mental impairment in the ALJ's decision provides:

> [A]lthough the claimant alleges depression and she attends therapy sessions at Gulf Coast Mental Health Center, neither a psychiatrist nor a psychologist has examined the claimant or assigned a diagnosis of depression. The claimant receives anti-depressive medication from a nurse practitioner, which is not an acceptable medical source per

5

20 C.F.R. 404.1513(a)(e) and 416.913(a)(e).

(ECF No. 9, at 62).

Under the Social Security Act regulations, acceptable medical sources include physicians, psychologists, optometrists, podiatrists, and speech pathologists. 20 C.F.R. §§ 404.1513(a) and 416.913(a). Only an acceptable medical source may (1) establish the existence of a medically determinable impairment; (2) give a medical opinion; and (3) be considered as a treating source whose medical opinions may be entitled to controlling weight. *See* 20 C.F.R. §§ 404.1513(a) and 416.913(a); *Thibodeaux v. Astrue,* 324 F. App'x 440, 445 (5th Cir. 2009) (citing Social Security Ruling 06-03p, 71 Fed. Reg. 45593-03, 2006 WL 2329939 (August 9, 2006)). Nurse practitioners and licensed counselors are not acceptable medical sources. 20 C.F.R. §§ 404.1513(d) and 416.913(d). They are considered "other sources." *Id.* Evidence from "other sources" may be used to show the severity of an impairment and how it affects the individual's ability to function. *Id.* ("[W]e may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work.").

20 C.F.R. §§ 404.1520a and 416.920a set out a special technique for the ALJ to use in evaluating the severity of a claimant's mental impairments. Under these regulations, the ALJ must first determine whether the claimant has a medically determinable mental impairment. Evidence from an acceptable medical source is required to establish a medically determinable impairment. 20 C.F.R. §§ 404.1513

6

and 416.913. No acceptable medical source diagnosed Plaintiff with severe major depressive disorder. Plaintiff was diagnosed with this disorder by a nurse practitioner and a licensed counselor. "Information from these 'other sources' cannot establish the existence of a medically determinable impairment." Social Security Ruling 06-03p.

Without an acceptable medical source to establish a medically determinable mental impairment, the ALJ was not required to move to the next step of the special technique and rate the degree of functional limitation resulting from the mental impairment. 20 C.F.R. §§ 404.1520a and 416.920a. ("Under the special technique, we must first . . . determine whether you have a medically determinable impairment(s)."). Plaintiff maintains that several cases support her position that the ALJ should have completed the technique. These cases however are not comparable because acceptable medical sources diagnosed the mental impairments. *See Satterwhite v. Barnhart,* 44 F. App'x 652, *2 (5th Cir. 2002) (medical doctor diagnosed mental impairment); *West v. Astrue,* No. 1:10-cv-142-HSO-JMR, 2011 WL 3684069, at *2 (S.D. Miss. July 22, 2011), *report and recommendation adopted,* 2011 WL 3683877 (S.D. Miss. Aug. 23, 2011) (psychologist diagnosed mental impairment); *Myers v. Astrue,* No. 5:09-cv-121-DCB-RHW, 2010 WL 6397551, *5 (S.D. Miss. Nov. 18, 2010), *report and recommendation adopted,* 2011 WL 1213089 (S.D. Miss. Mar. 30, 2011) (medical doctor diagnosed mental impairment); *Biles v. Astrue,* No. 3:09-cv-318-B(BF), 2010 WL 4688810, at *3 (N.D. Tex. Oct. 28, 2010), *report and recommendation adopted*, 2010 WL 4705117 (N.D. Tex. Nov. 19, 2010) (psychologist

7

diagnosed mental impairment); *Costanzo v. Astrue,* No. G-07-418, 2009 U.S. Dist. LEXIS, at *7-8 (S.D. Tex. Mar. 31, 2009) (medical doctor diagnosed mental impairment).

Plaintiff refers to a notation in the records of Gulf Coast Mental Health Center that a "Dr. Maher" prescribed Celexa and Abilify, and Dr. Pande prescribed Ability and Pristiq. (ECF No. 9, at 304, 321; ECF No. 15, at 16). The form where the notation regarding Dr. Maher is written in the margins was signed on November 29, 2012, by Nurse Practitioner Ladner. It is not signed by Dr. Maher. The margin note does not reflect that Plaintiff was examined by Dr. Maher or that Dr. Maher diagnosed Plaintiff with a mental impairment. The ALJ specifically inquired at the hearing regarding whether an acceptable medical source diagnosed Plaintiff with a mental impairment, and Plaintiff did not provide him with this information, instead referring him to the medical records. (ECF No. 9, at 81-82). Plaintiff acknowledges that the diagnosis of major depressive disorder was made by a nurse practitioner and a licensed counselor. (ECF No. 9, at 315, 321, 326; ECF No. 15, at 22). *See Thomas v. Colvin,* No. 2:14-cv-1099 AC, 2015 WL 1813011, *8 (E.D. Cal. Apr. 21, 2015) ("Plaintiff identifies no part of the record showing that the nurse practitioner or the social worker was directly supervised by a doctor, or worked closely with a doctor, when the diagnoses were issue.")

The regulations clearly outline who qualifies as an acceptable medical source, and the ALJ was not obligated to rely on a diagnosis by a nurse practitioner and a

licensed counselor. *See Porter v. Barnhart,* 200 F. App'x 317, 319 (5th Cir. 2006) ("[T]he ALJ was not required to rely on the chiropractor's evaluation because a chiropractor is not an acceptable medical source."); *Brown v. Astrue,* No. 3:13-cv-1071-DPJ-FKB, 2014 WL 1277885, *10 (S.D. Miss. Mar. 27, 2014) ("[T]he ALJ could, but did not have to, consider [the nurse practitioner's] opinion under 20 C.F.R. § 416.913(d)(1)."); *Rush v. Astrue,* No. 3:13-cv-915-CWR-FKB, 2014 WL 1153269, *8 (S.D. Miss. Mar. 21, 2014) ("Although a nurse practitioner falls under the category of 'other sources' in § 416.913(d), the ALJ is not obligated to consider evidence offered by those sources."). The ALJ's decision reflects that he did consider the opinions of the nurse practitioner and the licensed counselor but found them unsupported by an acceptable medical source. Substantial evidence and clearly-worded regulations support the ALJ's decision not to credit the medical opinions of the nurse practitioner and licensed counselor. *See Brown*, 2014 WL 1277885, at *2.

"[T]he claimant has the burden of proving his disability by establishing a physical or mental impairment." *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1987). "If the claimant does not provide sufficient evidence, the ALJ must make a decision based on the available evidence." *Anderson v. Sullivan,* 887 F.2d 630, 634 (5th Cir. 1989) (citing 20 C.F.R. § 404.1516). The decision to require a consultative examination is discretionary, and is not required unless "the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision." *Jones,* 829 F.2d at 526. Plaintiff did not allege a mental

impairment in her application for benefits, nor is there any indication in the record that she requested a consultative examination. The administrative record contained sufficient evidence regarding Plaintiff's mental condition to allow the ALJ to make an informed decision. The ALJ was not required to further develop the record on this issue.

B.  The ALJ's Credibility Determination is Supported by Substantial Evidence

The ALJ concluded that Plaintiff's "allegations of debilitating symptoms and limitations are not fully credible." (ECF No. 9, at 62). He found that "the evidence in the record does not support the claimant's allegations of totally incapacitating symptoms." *Id.* at 63. Plaintiff submits that "[t]he reasons the ALJ provided for this determination are not supported by substantial evidence as the ALJ discredited Plaintiff for mostly irrelevant and illogical reasons." (ECF No. 15, at 21).

The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who had an opportunity to observe the claimant at the hearing. *Harrell,* 862 F.2d at 480; *Loya v. Heckler,* 707 F.2d 211, 215 (5th Cir. 1983). "An ALJ must consider a claimant's subjective symptoms as well as the objective medical evidence, and those symptoms may support a finding of disability even without support from any objective medical data. The ALJ is not required, however, to give subjective evidence precedence over medical evidence . . ." *Loya,* 707 F.2d at 214.

To prove disability resulting from pain, a claimant must establish a medically

determinable impairment that is capable of producing disabling pain. 20 C.F.R. §§ 404.1529(a) and 416.929(a); *Ripley v. Chater,* 67 F.3d 552, 556 (5th Cir. 1995). "The ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature." *Wren v. Sullivan,* 925 F.2d 123, 128 (5th Cir. 1991) (citations omitted). "Such determinations are entitled to considerable deference." *Id.* "Disabling pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment." *Id.* at 128-29 (citations omitted).

The ALJ was swayed by the fact that Plaintiff testified she stopped working in August 2010, not because of disability, but because she was laid off. (ECF No. 9, at 76). Plaintiff did not pursue employment after August 2010, despite her allegation that she did not become disabled until February 1, 2012. *Id.* at 77. Whether a claimant "ceased work for reasons other than impairment" is a factor that may be considered in determining credibility. *Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). The ALJ found inconsistencies between Plaintiff's testimony and other evidence that also supports his adverse credibility assessment. Plaintiff testified that she "maybe" stopped driving in March 2012, but counseling session notes from Gulf Coast Mental Health Center indicated that Plaintiff was providing transportation to her neighbors in July 2013. (ECF No. 9, at 74, 337). An ALJ may discount a claimant's subjective complaints if there are inconsistencies between the alleged impairments and the evidence as a whole. *Vaughan v. Shalala,* 58 F.3d 129, 131 (5th Cir. 1995).

The ALJ found that Plaintiff's allegation of major depressive disorder was undermined by the fact that Plaintiff was not diagnosed with this disorder by an acceptable medical source. *Id.* at 62. Plaintiff argues that this fact should not undermine Plaintiff's credibility but has not supported this argument with authority. Plaintiff did not allege that she was disabled due to major depressive disorder or any other mental impairment when she filed her application in June 2012. When asked by the ALJ why she could not perform past relevant work, Plaintiff testified that "constant use of the arm" would prevent her from doing past work. (ECF No 9, at 87). Plaintiff did not mention her mental condition in response to the ALJ's question. That Plaintiff belatedly alleged mental impairment without supporting evidence from an acceptable medical source is a reasonable credibility consideration.

Plaintiff maintains that "the ALJ did not consider the debilitating nature of Plaintiff's pain." (ECF No. 15, at 22). The ALJ's decision however shows that the ALJ considered Plaintiff's complaints of pain along with her activities and the medical evidence. The ALJ noted that Plaintiff testified that her "average pain is eight but she takes medicine before it gets that far." (ECF No. 9, at 61). Dr. Pande's treatment records indicate Plaintiff reported a pain level of six on February 14, 2012, and a four on December 4, 2013. *Id.* at 264, 339. Dr. Pande regularly prescribed pain medication to manage Plaintiff's pain, indicating that the pain was responsive to treatment. The fact that Plaintiff's pain was responsive to pain

12

medication is a proper consideration. *James v. Bowen,* 793 F.2d 702, 706 (5th Cir. 1986). Pain controlled by medication is not disabling. *Id.*

The ALJ noted a physical therapy record of January 26, 2012, where Plaintiff reported "feel[ing] great today." (ECF No. 9, at 61, 245). He cited an examination by Dr. Pande in December 21, 2012, that indicated normal strength in Plaintiff's upper extremities. (ECF No. 9, at 61, 279). Dr. Pande also found Plaintiff's upper extremity strength normal on November 22, 2011, February 14, 2012, and August 14, 2012. *Id.* at 265, 273, 290. The ALJ noted the "normal" examinations of Plaintiff by Dr. Pande, but also credited Dr. Pande's opinion that Plaintiff's physical impairment caused pain, swelling, and difficulty with movement in the upper left extremity. (ECF No. 9, at 61, 277). For this reason, the ALJ placed restrictions in the RFC that Plaintiff not be required to raise her left upper extremity above shoulder height. *Id.* at 60. Clearly, the ALJ considered Plaintiff's complaints of pain.

The ALJ compared Plaintiff's statements to the medical evidence and properly performed his function as the trier of fact. The evidence the ALJ cited to support his credibility determination easily exceeds "more than a mere scintilla" of evidence, and the finding is therefore conclusive. *Bowling,* 36 F.3d at 434. The Court may not reweigh the evidence.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED** and the decision of the

Commissioner **AFFIRMED**.

**SO ORDERED**, this the 6th day of March, 2017.

/s/ *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE